[Doc. No. 7]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

ANNE M. FINEGAN,

                Plaintiff,

    v.

SUSAN M. DICKENSON, et al.,

                Defendants.

Civil No. 16-9516 (JS)

**ORDER**

This matter is before the Court on the "Motion to Apply the Verbal Threshold Pursuant to the Deemer Statute" filed by defendant Susan M. Dickenson. [Doc. No. 7]. The Court received plaintiff's opposition [Doc. Nos. 11, 12] and Dickenson's reply [Doc. No. 16]. The Court exercises its discretion not to hold oral argument. Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, Dickenson's motion is granted.

Background

On August 6, 2016, plaintiff (Pennsylvania resident) was a passenger in a vehicle driven by Kevin Connor (Pennsylvania resident) when the vehicle was involved in a motor vehicle accident in New Jersey driven by defendant Susan M. Dickenson. The Connor vehicle was registered to Connor's parents and insured by Chubb (New Jersey authorized insurer). Plaintiff is a

1

named driver on her parents' insurance policy from Cincinnati (New Jersey authorized insurer) with limited tort option under PA law. Defendant is a New Jersey resident insured by a New Jersey insurer.

Plaintiff alleges that defendant was distracted by the use of her cell phone, causing defendant's vehicle to cross the center line, resulting in a head-on collision with the Connor vehicle. Following the accident, Chubb (Connor's insurer) denied PIP coverage to plaintiff stating: "Under an automobile policy issued in the State of Pennsylvania, Priority of Coverage is the injured person's own automobile insurance policy, a household automobile insurance policy and then possibly the involved vehicle's policy." Ex. E to Pl.'s Opp'n [Doc. No. 11-1]. Plaintiff subsequently filed a claim with her parents' Cincinnati policy which paid $10,000 in PIP medical bills, exhausting her First Party Benefits under the Cincinnati policy. Ex. G to Pl.'s Opp'n [Doc. No. 11-3].

On December 27, 2016, plaintiff filed this lawsuit. Defendant filed her answer and the present motion on February 22, 2017. [Doc. Nos. 6, 7]. The Court granted motions to intervene filed by Chubb and Cincinnati on April 7, 2017. [Doc. No. 18]. Pursuant to 28 U.S.C. § 636(c), the parties consented to the jurisdiction of this Court to hear the case. [Doc. No. 21].

Discussion

New Jersey's "Deemer" Statute (N.J.S.A. 17:28-1.4) addresses the situation when non-resident motorists are involved in accidents in New Jersey. The statute requires that if a non-resident's insurer is authorized to do business in New Jersey, the insurer must provide personal insurance protection ("PIP") benefits to the non-resident. New Jersey's automobile insurance scheme allows prospective insureds to choose between two coverage options. "The first type of coverage, outlined in section 39:6A-8(a), is known as 'verbal threshold' coverage, and precludes tort recovery for non-economic injuries except those that fall into six specific categories."[1] Staub v. United States, C.A. No. 08-2061(JBS/KMW), 2010 WL 743926, at *2 (D.N.J. Mar. 3, 2010). The second type of coverage (Section 39:6A-8(b)), allows for unlimited recovery for non-economic injuries in exchange for higher premiums. Id. As noted, the "Deemer" Statute requires New Jersey authorized insurers (licensed in New Jersey) to provide non-resident insureds, among other things, PIP coverage. Id. at *3. Importantly, if PIP coverage is provided the verbal threshold provision of N.J.S.A. 39:6A-8(a) is deemed to apply. Nortesano v. Torres-Romero, 2006 WL 3475201 (N.J. Super. App.

---

[1] The statute provides limited exception where the "person sustained a bodily injury which results in death; dismemberment; significant disfigurement or significant scarring; displaced fractures; loss of a fetus; or a permanent injury within a reasonable degree of medical probability." N.J.S.A. 39:6A-8(a).

Div. Dec. 4, 2006); Dyszel v. Marks, 6 F.3d 116, 120 (3d Cir. 1993). The parties dispute whether the verbal threshold applies to plaintiff.

In determining whether the verbal threshold applies to non-resident drivers, New Jersey courts have created a two-prong test. Staub, at *3. The first prong requires an examination of whether the defendant is the owner or operator of an "automobile" and is entitled to receive no-fault PIP benefits under section 39:6A-4. The second prong focuses on whether the plaintiff is a person subject to the verbal threshold statute and is required to maintain PIP coverage, or has a right to receive PIP benefits under N.J.S.A. 39:6A-4. Id. (citing Beaugard v. Johnson, 281 N.J. Super. 162, 167 (App. Div. 1995)). In the present matter the first part of the two-prong test is easily satisfied. Defendant is the owner/operator of her car and is entitled to receive PIP benefits as a New Jersey resident. The crux of the present dispute is whether plaintiff's characteristics satisfy the second prong.

1. Plaintiff is Subject to the Verbal Threshold by Operation of Law

The parties concede the Connor vehicle is the vehicle pertinent to the present analysis as it is subject to the "Deemer" Statute by being used in New Jersey and insured by a New Jersey authorized insurer—Chubb. See Pl.'s Opp'n at 6 ("Defendant argues and Plaintiff agrees that Deemer does apply

4

to the Connor vehicle."). Plaintiff argues, however, that the Deemer statute does not apply to her. Defendant disagrees. The Court sides with defendant. Def.'s Reply at 1 [Doc. No. 16]. Pursuant to N.J.S.A. 39:6A-8(a), plaintiff is subject to the verbal threshold because she is entitled to receive PIP benefits under N.J.S.A. 39:6A-4 by operation of law. The relevant portion of N.J.S.A. 39:6A-8(a) provides: "Every owner, registrant, operator or occupant of an automobile to which [PIP coverage, Section 39:6A-4] . . . regardless of fault, applies, and every person or organization legally responsible for his acts or omissions, is hereby exempted from tort liability for noneconomic loss to a person who . . . is a person who has a right to receive benefits under [PIP coverage, Section 39:6A-4]. The decision in Koff v. Carrubba, 290 N.J. Super. 544, 547 (App. Div. 1996) is instructive:

> A person who is neither a named insured under a New Jersey automobile liability policy nor a family member residing with such a named insured is entitled to receive PIP benefits only for an injury . . . which he or she has suffered while occupying, entering into, alighting from or using a named insured's automobile with the named insured's permission . . . .

Id. at 185.

As noted, the parties concede that the Connor vehicle is subject to the "Deemer" Statute. Accordingly, plaintiff's status as a passenger or occupant in the Connor vehicle demonstrates that she was "occupying . . . a named insured's automobile with the named insured's permission."

5

Therefore, by virtue of her occupancy in the Connor vehicle, plaintiff is deemed to have the right to receive PIP benefits pursuant to the provisions of the Deemer Statute and N.J.S.A. 39:6A-4. Thus, plaintiff's claim for non-economic damages is subject to the verbal threshold. This is consistent with the holding in Beaugard, 281 N.J. Super. at 171, which held: "we are persuaded that in order to justify depriving a claimant of a common-law cause of action for negligence, . . . , a claimant must also be eligible to receive PIP benefits."

> 2. In the Alternative, Plaintiff is Subject to the Verbal Threshold through the Cincinnati Policy

Additionally, the Appellate Division held in Koff that:

> A person has the right to receive PIP benefits pursuant to N.J.S.A. 39:6A-4 if (1) he or she is the named insured under a policy providing PIP benefits, or is a family member residing with such a named insured, and (2) has suffered an injury as the result of an accident which occurred . . . while he or she was occupying, entering or leaving any automobile . . . . .

Koff, 290 N.J. Super. at 546-47. For the purpose of N.J.S.A. 39:6A-4, plaintiff is considered an immediate family member of the named insured (parents) under the Cincinnati policy. Accordingly, plaintiff is entitled to PIP benefits because: (1) she was a family member residing with a named insured; and (2)

she was injured while occupying "any" automobile.[2] Because plaintiff is entitled to PIP benefits under her parents' Cincinnati policy, the Deemer Statute applies and, thus, plaintiff is subject to the verbal threshold.

The weakness in plaintiff's argument is that she does not address the interplay between N.J.S.A. 17:28-1.4, 39:6A-4 and 39:6A-8(a). In fact, plaintiff does not even discuss N.J.S.A. 39:6A-4 and N.J.S.A. 6A-8(a). Plaintiff is mistaken when she only focuses on N.J.S.A. 17:28-14 while ignoring the limited tort language in N.J.S.A. 39:6A-8(a). Since PIP coverage applies to the Connor vehicle by virtue of the Deemer statute, and plaintiff is entitled to receive PIP benefits by virtue of occupying the vehicle, defendant is exempted from tort liability to plaintiff. N.J.S.A. 39:6A-8(a).

Conclusion

For the reasons discussed above, defendants' motion will be granted.

---

[2] The fact that plaintiff is entitled to receive PIP benefits under N.J.S.A. 39:6A-4 is axiomatic since Cincinnati paid plaintiff PIP benefits. The Court assumes plaintiff resided with her parents (named insured) or else Cincinnati may not have paid her PIP benefits. Plaintiff's Exhibits (A, E and F) also demonstrate plaintiff lived at the same address as her parents.

7

**O R D E R**

Accordingly, for the foregoing reasons, it is hereby ORDERED this 10th day of August, 2017, that defendant's motion is GRANTED and it is the finding of this Court that plaintiff is subject to the verbal threshold in the Deemer Statute.[3]

                                                  s/Joel Schneider
                                                  JOEL SCHNEIDER
                                                  United States Magistrate Judge

---

[3] It is not insignificant that plaintiff elected the limited tort option on her insurance policy. See Chavez v. Proformance Ins. Co., 2008 WL 3412223, at *3 (N.J. Super. App. Div. Aug. 14, 2008)("We agree with the motion judge that the intent of the deemer statute is not to permit an insured to recover greater benefits than that which the insured has purchased.") It would be incongruous to hold that plaintiff is entitled to more benefits than her named insured parents because she was only listed as a driver on Cincinnati's policy rather than a named insured.